IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK CAPPUCCIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE & CASUALTY INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 19-3025-KSM |

**MEMORANDUM**

**Marston, J.**                                                                                                                              **May 8, 2020**

Plaintiffs Frank and Linda Cappuccio bring claims for breach of contract and bad faith against Defendant State Farm Fire & Casualty Insurance Company for failing to pay benefits allegedly owed to Plaintiffs under their insurance policy after Plaintiffs' property was damaged by a fire. (Doc. No. 1 at ¶¶ 8-16, Ex. A.) State Farm removed the case and moved to dismiss Count II, the statutory bad faith claim, arguing that the Cappuccios' allegations are conclusory and therefore are insufficient to state a plausible claim. (Doc. Nos. 1, 6.) For the reasons that follow, the Court grants the Motion.

I.

The Cappuccios own property located at 405 Devon Lane, Doylestown, PA 18901, which was insured by State Farm under a rental dwelling insurance policy. (Doc. No. 1 at ¶ 3; Doc. No. 8 at p. 7.) On or around June 8, 2018, the Cappuccios "suffered direct physical loss and damage to the insured Property." (Doc. No. 1 at ¶ 3.) The Cappuccios assert that the damage was caused by a fire, "a peril insured against under the Policy." (*Id.* at ¶ 4, Ex. A.) The Cappuccios reported

the loss to State Farm.  (*Id.* at ¶ 5.)  The Cappuccios allege that State Farm subsequently refused to pay them "monies owed for the damages suffered as a result of the loss." (*Id.* at ¶ 6.)  As a result of State Farm's refusal to pay benefits allegedly owed under the policy, the Cappuccios filed suit in Pennsylvania state court, asserting claims for breach of contract and statutory bad faith.  (*Id.*)

> Count II alleges that State Farm engaged in bad faith conduct in the following ways:
>
> a. by sending correspondence falsely representing that Plaintiffs' loss caused by a peril insured against under the Policy was not entitled to benefits due and owing under the Policy;
>
> b. in failing to complete a prompt and thorough investigation of Plaintiffs' claim before representing that such claim is not covered under the Policy;
>
> c. in failing to pay Plaintiffs' covered loss in a prompt and timely manner;
>
> d. in failing to objectively and fairly evaluate Plaintiffs' claim;
>
> e. in conducting an unfair and unreasonable investigation of Plaintiffs' claim;
>
> f. in asserting Policy defenses without a reasonable basis in fact;
>
> g. in flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim forms;
>
> h. in failing to keep Plaintiff or their representatives fairly and adequately advised as to the status of the claim;
>
> i. in unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives;
>
> j. in failing to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim;
>
> k. in unreasonably withholding policy benefits;
>
> l. in acting unreasonably and unfairly in response to Plaintiffs' claim;
>
> m. in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation.

(*Id.* at ¶ 15(a)-(m).)

State Farm removed the case to this Court (*Id.*) and filed a motion to dismiss Count II of the complaint, arguing that the Cappuccios failed to allege any facts showing bad faith and instead merely plead conclusory allegations. (Doc. No. 6.) The Cappuccios counter that their statutory bad faith claim should survive the motion to dismiss because they satisfied the notice pleading standards and the complaint alleges that State Farm denied their claim without a reasonable basis to do so. (Doc. No. 8 at pp. 9-14.)

## II.

In deciding a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although we must accept as true the allegations in the complaint, we are not "compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (quotation marks omitted). In other words, a "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation marks and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

## III.

Pennsylvania's bad faith statute, 42 Pa.C.S.A. § 8371, allows the court to award interest, punitive damages, court costs, and attorney's fees if it "finds that the insurer has acted in bad

faith toward the insured." To succeed on a claim for bad faith, a plaintiff must show by clear and convincing evidence that: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). Actions taken by insurers that can rise to the level of bad faith include "'a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured.'" *Shallow v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 20-01336, 2020 WL 1508376, at *2 (E.D. Pa. Mar. 30, 2020) (quoting *Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999)).

"Bad faith claims are fact specific and turn on the specific conduct of the insurer towards the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). As such, "[a] plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id.* (citations omitted). "A plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." *Id.* (citations omitted).

Courts in this Circuit regularly dismiss bad faith claims when the complaint is devoid of specific factual allegations of bad faith conduct and is merely comprised of bare-bones, conclusory allegations. *See, e.g.*, *Shallow*, 2020 WL 1508376, at *2 (collecting cases); *Myers v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 17-3509, 2017 WL 3891968, at *3 (E.D. Pa. Sept. 6, 2017) (collecting cases). For example, in *Smith v. State Farm Mutual Automobile Insurance Co.*, the Third Circuit affirmed the district court's dismissal of the plaintiff's bad faith claim, where the plaintiff "simply assert[ed] that [the defendant] 'intentionally misrepresent[ed] coverage in the policy,' and 'misrepresent[ed] facts and its evaluation of Plaintiff's claim,'

4

*without explaining what those misrepresentations may have been.*" 506 F. App'x 133, 136 (3d Cir. 2012) (emphasis added).  In *Myers v. State Farm Mutual Automobile Insurance Co.*, the court observed that, as in *Smith*, the plaintiff's complaint was "long on conclusions regarding Defendant's conduct, but it fails to set forth any explanations or descriptions of what Defendant actually did.  *There is no explanation of how Defendant failed to properly investigate the claim[.]*" 2017 WL 3891968, at *3 (emphasis added).  By way of example, the court pointed out that while the plaintiff alleged that the defendant failed to act with "reasonable promptness" in evaluating her claim, the plaintiff did not plead any dates "of correspondence or any other contact with Defendant," with the exception of the date she filed her claim.  *See also Toner*, 262 F. Supp. 3d at 208-09 (dismissing bad faith claim where the plaintiff only pled conclusory statements, like that the defendant delayed arbitration of his claim, but failed to provide any factual context, such as the date on which he submitted the claim); *Soldrich v. State Farm Fire & Cas. Co.*, No. 5:15-cv-01438, 2015 WL 7568442, at *4 (E.D. Pa. Nov. 25, 2015) (dismissing bad faith claim where the plaintiff alleged that the defendant unreasonably delayed handling its insurance claims, but did not plead any facts that "relate[d] to the alleged delay, such as the length of time passed between the date when Plaintiff notified Defendant of his claims and the date that Defendant responded to them"); *Shallow*, 2020 WL 1508376, at *2 (dismissing bad faith claim where the plaintiff alleged that the defendant "fail[ed] to objectively and reasonably investigate the plaintiff's claim and fail[ed] to promptly offer payment of the reasonable and fair value of the claim," but did not allege any facts regarding his insurance claim, or "the accompanying investigation, negotiations, or communications that took place") .

In *MBMJ Properties, LLC v. Millville Mutual Insurance Co.*, the court considered virtually identical allegations as those presented here, and held that the plaintiffs' bad faith claim

5

was based entirely on conclusory allegations.  *Compare* Doc. No. 1 at ¶ 15(a)-(m) *with MBMJ Props.*, Civil Action No. 18-5071, 2019 WL 1651667, at *1-2, *4 (E.D. Pa. Apr. 17, 2019) (containing identical paragraphs labeled "a" through "m").  The court highlighted, as one example, that the plaintiffs alleged that the defendant "failed to promptly and thoroughly investigate their claim" but did not plead *any* underlying facts to support the allegation.  *Id.* at *4.  For instance, the plaintiffs did not plead "the timing of the alleged investigation in relation to when Plaintiffs submitted their claim" or "the length of the investigation from start to finish."  *Id.*  As a result, the court concluded that the plaintiffs' "claim that Defendant's investigation of their insurance claim was not 'prompt' or 'thorough' lack[ed] plausibility."  *Id.*  The court found that "[t]he same [could] be said with respect to each of Plaintiffs' 'specific' allegations of Defendant's bad faith conduct."  *Id.* (citing identical paragraphs "a" through "m").

Likewise, in *Clapps v. State Farm Insurance Cos.*, the plaintiff pled identical bad faith allegations as those the Cappuccios raise here.  *Compare* Doc. No. 1 at ¶ 15(a)-(m) *with Clapps*, No. 19-3745, ECF No. 1 at ¶ 15(a)-(m).  The court concluded that "Plaintiff's bad faith allegations [were] nothing more than conclusory statements devoid of any factual detail."  Civil Action No. 19-3745, 2020 WL 1308230, at *5 (E.D. Pa. Mar. 19, 2020).  *See also Shetayh v. State Farm Fire & Cas. Co.*, No. 5:20-cv-00693, 2020 WL 1074709, at *1 (E.D. Pa. Mar. 6, 2020) (dismissing bad faith claim where complaint contained nearly identical paragraphs labeled "a" through "m").

Put simply, given the likeness between the Cappuccios' bad faith allegations and those in the myriad of cases discussed above, it is clear that the Cappuccios have failed to plead sufficient factual content to withstand State Farm's motion to dismiss their bad faith claim.  Like the *Myers* and *MBMJ Properties* plaintiffs, the Cappuccios allege that State Farm "fail[ed] to complete a

6

prompt and thorough investigation" into their claim (Doc. No. 1 at ¶ 15(b)) but then neglect to include *any* facts supporting that cursory allegation, such as the date they filed their claim, the length of time that passed before State Farm denied their claim, or the dates of any other interactions they may have had with State Farm.  Consequently, the Cappuccios' assertion that State Farm's investigation of their claim was not "prompt" or "thorough" lacks plausibility.  *See MBMJ Props.*, 2019 WL 1651667, at *6.  The Cappuccios also allege that State Farm acted in bad faith by "flatly misrepresenting pertinent facts or policy provisions relating to coverages at issue" (Doc. No. 1 ¶ 15(b)) but, like the *Smith* plaintiffs, they fail to explain what those misrepresentations were.  Absent such facts, we cannot infer bad faith on State Farm's part.  Additionally, the Cappuccios assert that State Farm engaged in bad faith by "conducting an unfair and unreasonable investigation of Plaintiffs' claim," "failing to objectively and fairly evaluate Plaintiffs' claim," and "failing to pay Plaintiffs' covered loss in a prompt and timely manner."  (*Id.* at ¶ 15(c)-(e).)  However, like the *Shallow* plaintiff, they fail to plead *any* additional facts regarding their insurance claim and "the accompanying investigation, negotiations, or communications that took place."  Without such facts, the Cappuccios' conclusory allegations are not entitled to a presumption of truth.

In their attempts to avoid dismissal, the Cappuccios rely on a single case, *1009 Clinton Properties, LLC v. State Farm Fire & Casualty Co.,* No. 18-5286, 2019 WL 1023889 (E.D. Pa. Mar. 4, 2019).  But as courts have noted "that case is the outlier, not the standard."  *Shetayh*, 2020 WL 1074709, at *3; *accord Clapps*, 2020 WL 1308230, at *5.

*Clapps v. State Farm Insurance Cos.* is instructive and further illustrates why dismissal is appropriate here.  *See* 2020 WL 1308230, at *5.  The *Clapps* court explained:

> A review of the complaint in [*1009 Clinton Properties*] only underscores the
> complete lack of factual content alleged here, as Plaintiff's bad faith allegations

7

>are simply a verbatim copy of the allegations from that complaint. *While the court in that case deemed those allegations sufficient, it surely did not intend to create a rule whereby all future plaintiffs could simply parrot the exact same allegations in order to survive a motion to dismiss. The federal pleading standards demand more.*

*Id.* (emphasis added). The court reached a similar conclusion in *Shetayh v. State Farm Fire & Casualty Co.* 2020 WL 1074709, at *3. There, the court explained: "Nearly identical allegations supporting the bad faith claim in the above-captioned action appear in other civil complaints filed by the law firm representing the [plaintiffs]. (citing cases)[1] This is evidence that the pleadings fail to meet the requirements of Rule 8, which demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.* (citations omitted).

So too here. As we repeatedly noted above, the Cappuccios' bad faith allegations are *identical* to those in numerous other cases. The Cappuccios cannot "simply parrot" the same allegations pled in *1009 Clinton Properties*, *Clapps*, *Shetayh*, and *MBMJ Properties* and expect this Court to find that they alleged enough factual content to render their bad faith claim plausible. Indeed, doing so would turn federal pleading standards on their head. Accordingly, we grant State Farm's motion to dismiss the Cappuccios' bad faith claim.

Such dismissal is without prejudice and with leave to amend the claim set forth in Count II only. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Counsel is advised that any amended complaint shall be consistent with this Memorandum and "must specifically include facts to address who, what, where, when, and how the alleged bad faith conduct occurred." *Shetayh*, 2020 WL 1074709, at

---

[1] We note that the Cappuccios are represented by the same law firm, and that the Cappuccios' complaint contains nearly identical allegations as those in *Shetayh* and the cases cited by the court in *Shetayh*.

*3 (internal quotation marks and citations omitted).

      An appropriate order follows.